UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| HANNAH BROWNELL, ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 1:10-cv-1423-TAB-RLY |
| ) | |
| ANDERSON COMMUNITY SCHOOLS, ) | |
| Defendant. ) | |

**ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**I.     Introduction**

Plaintiff Hannah Brownell is a Liberian woman who was hired by Defendant in October 2005 as a licensed practical nurse. [Docket No. 1 at 3.] In 2006, Plaintiff was assigned to Erskine Elementary School, where she alleges the principal engaged in a "campaign" of discrimination and retaliation against her in violation of Title VII. [*Id.* at 3–5.] Moving for summary judgment, Defendant asserts that Plaintiff failed to timely file her EEOC charge for her suspension and also asserts that Plaintiff lacks sufficient evidence to survive summary judgment under the direct or indirect methods of proof. Plaintiff failed to respond to Defendant's motion and the time for doing so has passed.[1] For the reasons below, Defendant's motion for summary judgment [Docket No. 28] is granted.

---

[1]*See Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ( "[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); *Griffin v. Davis*, No. 1:10-CV-1314-SEB-DML, 2012 WL 43319, at *1 (S.D. Ind. Jan. 6, 2012) (Local Rule 56–1(h) results in the nonresponding partying acceding the moving party's version of facts, although "this does not alter the standard for assessing a Rule 56 motion.").

## II. Discussion

### A. *Brownell's suspension*

Defendant contends that Plaintiff's Title VII claims with respect to her March 21, 2008, suspension are time-barred. [Docket No. 29 at 10.] "To bring a Title VII claim, a plaintiff must file an EEOC charge within 300 days of the conduct underlying the claim." *Moore v. Vital Prod., Inc.*, 641 F.3d 253, 256 (7th Cir. 2011). "Any complaint of conduct that occurred more than 300 days before the relevant EEOC charge is time-barred." *Id.*; *see also Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110 (2002) ("A discrete retaliatory or discriminatory act 'occurred' on the day that it 'happened.' A party, therefore, must file a charge within either 180 or 300 days of the date of the act or lose the ability to recover for it."). Plaintiff was suspended on March 21, 2008, and she filed a charge of discrimination more than 300 days later on September 28, 2009. [Docket No. 1, Ex. 1 at 2.] Plaintiff's discrimination and retaliation claims relating to her suspension are therefore time-barred.

### B. *Direct method*

Defendant also contends that Plaintiff cannot prove her claim under the direct method of proof. The direct method enables a plaintiff to present either direct evidence of discriminatory intent or a "convincing mosaic" of circumstantial evidence that would allow a reasonable jury to infer that discriminatory intent motivated the adverse employment action. *Hanners v. Trent*, 674 F.3d 683, 2012 WL 899062, at *6 (7th Cir. Mar. 19, 2012); *Silverman v. Bd. of Educ. of City of Chi.*, 637 F.3d 729, 733–34 (7th Cir. 2011). Defendant asserts that:

> Plaintiff claims the Board's decision to terminate her was based upon race and national origin, but there is absolutely no evidence in the record from the Board Hearing that supports this contention. There is no evidence that any agent of the School Corporation ever stated or implied Ms. Brownell was being recommended or was in fact terminated because she is

> black or Liberian. Also, there is no evidence that any agent of the School Corporation ever referred to her using racial or derogatory terms.

[Docket No. 29 at 11.] Defendant's argument is well taken: there is no direct or circumstantial evidence in the record to support a claim of discrimination or retaliation. Plaintiff therefore cannot proceed under the direct method of proof. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986) ("The moving party is 'entitled to a judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof."); *Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 901 (7th Cir. 2003) ("[S]ummary judgment is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events.").

### C. *Indirect Method*

The indirect method of proof requires a plaintiff to "demonstrate: (1) that she engaged in protected activity; (2) that she was subject to an adverse employment action; (3) that she was performing her job satisfactorily; and (4) that no similarly situated employees who did not engage in protected activity suffered an adverse employment action." *Squibb v. Mem'l Med. Ctr.*, 497 F.3d 775, 788 (7th Cir. 2007). Once the plaintiff makes this prima facie showing, "the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its action, which if believed by the trier of fact, would support a finding that unlawful discrimination was not the cause of the employment action." *Sublett v. John Wiley & Sons, Inc.*, 463 F.3d 731, 736 (7th Cir. 2006) (internal quotation marks omitted). At that point, "[t]he plaintiff . . . resumes her original burden of proof and must establish by a preponderance of the evidence that the defendant's proffered reasons are pretextual." *Id.*

3

Defendant argues that Plaintiff cannot show that she was meeting the board's legitimate job expectations. [Docket No. 29 at 12–13; Docket No. 30.] As Defendant points out, the "record from the Board Hearing is replete with numerous instances of meetings and discussions that were conducted with Plaintiff where her supervisors let her know they were displeased with her job performance." [Docket No. 29 at 13; Docket No. 30.] Defendant also points out that after performance problems continued, Plaintiff was issued warnings before further actions were taken. [Docket No. 29 at 13; Docket No. 30.] Additionally, complaints about Plaintiff came from multiple sources: staff members, parents, and patrons. [Docket No. 29 at 13; Docket No. 30.] Since nothing in the record supports the proposition that Plaintiff met Defendant's legitimate job expectations or that Defendant's proffered reasons for termination were pretextual, Plaintiff cannot satisfy this element of the indirect method.

Plaintiff also alleges that she was treated differently than similarly situated Caucasian nurses. [Docket No. 1 at 4.] While Plaintiff identifies these allegedly similarly situated individuals [*see* Docket No. 29 at 15], nothing in the record addresses these individuals' disciplinary history or whether they dealt with the same supervisors. *See Amrhein v. Health Care Sevs. Corp.*, 546 F.3d 854, 860 (7th Cir. 2008) ("A similarly situated employee need not be 'identical,' but the plaintiff must show that the other employee 'dealt with the same supervisor, [was] subject to the same standards, and had engaged in similar conduct without such differentiating or mitigating circumstances as would distinguish [her] conduct or the employer's treatment of [her]."). Consequently, there is insufficient evidence upon which a reasonable jury could rely upon to find that these individuals are similarly situated. Accordingly, Plaintiff is also unable to proceed under the indirect method of proof.

**III.     Conclusion**

For the reasons above, Defendant's motion for summary judgment [Docket No. 28] is granted.  A separate judgment shall issue accordingly.

Dated:  04/27/2012

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Michelle Lynn Cooper
BOSE MCKINNEY & EVANS, LLP
mcooper@boselaw.com

Michael Shaun Dalrymple
michaeld@dalrymple-law.com