UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| HANNAH BROWNELL, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:10-cv-1423-TAB-RLY |
| | ) | |
| ANDERSON COMMUNITY SCHOOLS, | ) | |
|     Defendant. | ) | |

**ORDER ON DEFENDANT'S MOTION FOR ATTORNEY'S FEES**

**I.   Introduction**

This Title VII case ended favorably for Defendant after the Court granted Defendant's motion for summary judgment [Docket No. 32] and entered a final judgment in its favor. [Docket No. 33.] As a result, Defendant now requests $23,313 in attorney's fees. However, for the reasons below, Defendant's motion for attorney's fees [Docket No. 35] is denied.

**II.  Discussion**

Pursuant to 42 U.S.C. § 2000e-5(k) and Indiana Code § 34-13-4-4, Defendant moves for an award of attorney's fees. [Docket No. 35 at 1–2.] 42 U.S.C. § 2000e-5(k) provides:

> In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee (including expert fees) as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person.

Congress, however, did not intend for prevailing defendants to recover attorney's fees from plaintiffs unless the plaintiffs' claims were frivolous, unreasonable, groundless, or brought in bad faith. *Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 422 (1978); *Duran v. Town of*

*Cicero*, No. 01-C-6858, 2012 WL 1279903, at *22 (N.D. Ill. Apr. 16, 2012); *Hansen v. CEC Entm't, Inc.*, No. 4:10-CV-96-JD, 2011 WL 5920719, at *3 (N.D. Ind. Nov. 23, 2011).  The Supreme Court reached this determination after reasoning that:

> [P]revailing private plaintiffs should assure that this statutory provision will not in itself operate as an incentive to the bringing of claims that have little chance of success. To take the further step of assessing attorney's fees against plaintiffs simply because they do not finally prevail would substantially add to the risks inhering in most litigation and would undercut the efforts of Congress to promote the vigorous enforcement of the provisions of Title VII. Hence, a plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so. And, needless to say, if a plaintiff is found to have brought or continued such a claim in bad faith, there will be an even stronger basis for charging him with the attorney's fees incurred by the defense.

*Christiansburg*, 434 U.S. at 422.  Indiana Code § 34-13-4-4 similarly limits fee awards to:

> [T]he governmental entity prevailing as defendant if it finds that plaintiff:
> (1) brought the action on a claim that is frivolous, unreasonable, or groundless;
> (2) continued to litigate the action after plaintiff's claim clearly became frivolous, unreasonable, or groundless; or
> (3) litigated its action in bad faith.

Thus, the crux of any fee award to a prevailing defendant under 42 U.S.C. § 2000e-5(k) and Indiana Code § 34-13-4-4 hinges on whether Plaintiff's claims were frivolous, unreasonable, groundless, or brought in bad faith.

There is insufficient evidence to conclude that Plaintiff's claims were frivolous, unreasonable, groundless, or litigated in bad faith.  For all intents and purposes, the claims in this case appeared to be typical: the case proceeded with an initial pretrial conference, a Case Management Plan, a status conference, and settlement conference without Defendant ever formally asserting that Plaintiff's claims were frivolous, unreasonable, groundless or brought in bad faith.  [Docket Nos. 11, 13, 19, 23.]  Defendant also proceeded through discovery to summary judgment without raising such allegations.  For example, the record does not show that

Defendant sent Plaintiff a Rule 11 letter asking Plaintiff to voluntarily dismiss the action because it was frivolous. On the contrary, Defendant apparently was preparing for a trial. [*See* Docket Nos. 26, 27 (showing that Defendant filed final witness and exhibit lists).] Only now, nearly one and one-half years after the complaint was filed, does Defendant assert that Plaintiff's claims were frivolous, unreasonable, groundless or in bad faith. Such a claim is inconsistent with the procedural posture of this case and the record.

Defendant, nonetheless, claims that Plaintiff's failure to respond to its motion for summary judgment is a sufficient basis to conclude that Plaintiff's claims were frivolous, unreasonable, groundless, and in bad faith. [Docket No. 35 at 3.] However, there could be a multitude of other reasons that Plaintiff did not respond to Defendant's motion. As the Supreme Court explained in *Christiansburg*:

> [I]t is important that a district court resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success. No matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable. Decisive facts may not emerge until discovery or trial. The law may change or clarify in the midst of litigation. Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit.

434 U.S. at 421–22. Thus, Plaintiff's failure to file a response is insufficient by itself to conclude that Plaintiff's claims were frivolous, unreasonable, groundless or brought in bad faith.

Defendant also asserts that Plaintiff "knew that the Defendant intended to file a Motion for Summary Judgment as it indicated its intent to do so in the Case Management Plan," and should have voluntarily dismissed the case before Defendant moved for summary judgment. [Docket No. 35 at 3.] However, merely indicating an intent to file a summary judgment motion

in a CMP does not necessarily mean that Defendant will file such a motion. As the case developed, Defendant could have decided not to move for summary judgment. Moreover, Plaintiff may not have decided until after reviewing the arguments presented in Defendant's motion for summary judgment to forego filing a response. If that is what happened, Plaintiff should have notified opposing counsel and the Court and filed a stipulation of dismissal, rather than have the Court issue an order on a summary judgment motion lacking a response.

Ultimately, it is unclear why and when Plaintiff decided not to file a response, but simply failing to respond to a motion for summary judgment does not by itself establish that Plaintiff's claims were frivolous, unreasonable, groundless, or brought it bad faith. Accordingly, there is insufficient evidence in the record to conclude that Defendant is entitled to attorney's fees under 42 U.S.C. § 2000e-5(k) and Indiana Code § 34-13-4-4.

### III. Conclusion

For the reasons above, Defendant's motion for attorney's fees [Docket No. 35] is denied.

Dated: 06/01/2012

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Michelle Lynn Cooper
BOSE MCKINNEY & EVANS, LLP
mcooper@boselaw.com

Michael Shaun Dalrymple
michaeld@dalrymple-law.com